```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANASTASIOS BELESIS and JOSEPH                               :
CASTELLANO,                                                 :
                                                            :
                              Petitioners,                  :
                                                            :
              -v-                                           :    14-cv-8306 (KBF)
                                                            :
EUBULUS J. KERR III,                                        :    MEMORANDUM
                                                            :    OPINION & ORDER
                              Respondent.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 1 2014

KATHERINE B. FORREST, District Judge:

On October 16, 2014, Anastasios Belesis and Joseph Castellano ("petitioners") filed a petition to vacate an arbitration award (ECF No. 1.) On November 3, 2014, the Court ordered petitioners to serve the Summons and Petition on respondent Eubulus J. Kerr, III ("respondent") within 14 days, and to file proof of service on ECF. (ECF No. 4.) The Court also directed petitioners to file proof of service on ECF and to explain any delay in serving respondent within that timeframe. (Id.) Further, the Court ordered petitioners to submit a memorandum of law in support of its petition on ECF and to serve this memorandum on respondent within 14 days.

Because petitioners failed to comply with the Court's November 3, 2014 order, on November 18, 2014 the Court issued an order stating, in bold print, that "[i]f by November 24, 2014 petitioners have still not complied with the Court's

November 3, 2014 order, the Court will dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (ECF No. 5.)

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). A district court considering a Rule 41(b) dismissal with prejudice must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Even where a plaintiff fails to comply with a court order that includes a notice of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault" by evaluating those criteria. Id. at 217 (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)).

Here, each of these factors weights in favor of dismissal of plaintiff's complaint: (1) petitioners have failed to comply with the Court's order for over three weeks; (2) petitioners were notified in a clear, explicit, bold-font statement that their failure to comply with the Court's order would result in dismissal;

(3) respondent has not appeared in this action and so will not be prejudiced by any further delay in the proceedings; (4) the Court is currently managing a heavy caseload consisting of many potentially meritorious lawsuits, whereas plaintiff has not made any submissions to the Court since filing the action; and (5) the Court has considered other sanctions less drastic than dismissal and concluded that dismissal is the most appropriate sanction in the circumstance of this case. The Court also concludes that plaintiff's failure to comply with the Opinion & Order is willful and demonstrates reasonably serious fault.

Accordingly, plaintiff's complaint is DISMISSED for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:    New York, New York
          December 1, 2014

                                    _____
                                         KATHERINE B. FORREST
                                       United States District Judge